USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/18/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
:
IN RE:                                                                  :     15-CV-772 (JMF)
                                                                        :     15-CV-776 (JMF)
MOTORS LIQUIDATION COMPANY,                                             :
      f/k/a General Motors Corporation,                                :     MEMORANDUM OPINION
                                                                        :         AND ORDER
                             Debtors.                                :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In each of these cases, Plaintiffs in ignition-switch-defect-related lawsuits against General Motors LLC ("New GM") move for leave to appeal, pursuant to Title 28, United States Code, Section 158(a)(3), from interlocutory orders of the United States Bankruptcy Court for the Southern District of New York — specifically, from orders staying their cases pending adjudication of New GM's motion to enforce a Sale Order and Injunction entered July 5, 2009. Upon review of the parties' submissions (15-CV-772 Docket Nos. 3 & 4; 15-CV-776 Docket Nos. 2 & 3), the motions are denied, substantially for the reasons set forth in New GM's consolidated objection to the motions. (15-CV-772 Docket No. 4; 15-CV-776 Docket No. 3).

        Indeed, if anything, the case for granting leave to appeal is considerably weaker today than it was when New GM filed its consolidated objections, for two reasons. First, on April 15, 2015, the Bankruptcy Court (Gerber, B.J.) ruled on New GM's motion to enforce. (09-BR-50026 (Bankr. S.D.N.Y.) Docket No. 13109 ("Motion To Enforce Decision")). Final judgment should be entered shortly, and Lead Counsel in the multi-district litigation ("MDL") relating to the ignition-switch defects have indicated their intention to appeal. (*See* 14-MD-2543 Docket No. 909). Second, on April 24, 2015, this Court — which is presiding over the ignition-switch

MDL — entered an Order indicating that, with one limited exception not relevant here, "any individual economic loss action" that is not otherwise dismissed (a group that includes the actions of Plaintiffs in these appeals) "shall be stayed" in light of the Consolidated Class Action Complaints that have been filed in the MDL and the anticipated amended Consolidated Class Action Complaints to be filed shortly.  (Order No. 50 (14-MD-2543 Docket No. 875) ¶ 11).[1]

In light of those developments, allowing Plaintiffs to appeal would not serve to "avoid protracted and expensive litigation."  *Enron Corp. v. Avenue Special Situations Fund II, L.P.* (*In re Enron Corp.*), No. 05-CV-1105 (SAS), 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006) (internal quotation marks omitted).  Instead, it would serve only to undermine orderly adjudication of the many cases in the MDL and final resolution of the issues addressed in the Bankruptcy Court's April 15, 2015 ruling.  The bottom line is that Plaintiffs will have ample opportunity to argue (in whatever forum is appropriate) that their claims are not subject to New GM's motion to enforce and, if they are correct, to pursue their claims in the MDL; there is no reason to allow them to pursue those arguments separately from the other plaintiffs in actions before the Bankruptcy Court or in the MDL.  Accordingly, Plaintiffs cannot come close to demonstrating "the existence of exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of final judgment."  *In re Enron Corp.*, 2006 WL 2548592, at *3 (footnotes and internal quotation marks omitted).

For the reasons stated above, Plaintiffs' motions for leave to appeal are DENIED.  The

---

[1] The Court entered the Order in response to a motion filed by counsel to Plaintiffs in these appeals and after giving him an opportunity to be heard about the contents of the Order.  (*See* 14-MD-2543 Docket No. 809; *see also* 14-MD-2543 Docket No. 686, at 62-67).  Notably, counsel did not object to the Order — and, in fact, joined in submitting a proposed order prior to the Order's entry that included the same provision staying Plaintiffs' actions.  (14-MD-2543 Docket No. 809, Ex. A at 5-6).

Clerk of Court is directed to terminate 15-CV-772 Docket No. 3 and 15-CV-776 Docket No. 2 and to close both cases.

    SO ORDERED.

Dated: May 18, 2015
       New York, New York

                                           JESSE M. FURMAN
                                           United States District Judge

3